1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11  STEVEN ROBERT ANGELONIS,

12              Plaintiff,

CASE NO. 14-cv-05863 JRC

13       v.

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)

14  CAROLYN W COLVIN, Acting
    Commissioner of the Social Security
    Administration,
15
16              Defendant.

17      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

18  Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge

19  and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6).

20  This matter is before the Court on plaintiff's Unopposed Motion for Attorney's Fees Pursuant to

21  42 U.S.C. § 406(b) (*see* Dkt. 27).

22      The Court may allow a reasonable fee for an attorney who represented a Social Security

23  Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

24

1  excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*
2  *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first
3  to such agreement and will conduct an independent review to assure the reasonableness of the
4  fee requested, taking into consideration the character of the representation and results achieved.
5  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the
6  fee agreement is the primary means for determining the fee, the Court will adjust the fee
7  downward if substandard representation was provided, if the attorney caused excessive delay, or
8  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151
9  (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

10  Here, the representation was standard, at least, and the results achieved excellent (*see*
11  Dkt. 27, p. 1, fn. 1). *See Grisbrecht, supra*, 535 U.S. at 808.  This Court remanded the case for
12  further proceedings (Dkt. 23). Following a hearing, the Administrative Law Judge issued a fully
13  favorable decision (*see* Dkt. 27, p. 2).  There has not been excessive delay and no windfall will
14  result from the requested fee.

15  Plaintiff's total back payment was $33,018 (*see* Dkt. 27, p. 2, fn. 1). Plaintiff has moved
16  for a net attorney's fee of $2,115.56 (*see* Motion, Dkt. 27, p. 1), and the Court has considered
17  plaintiff's gross attorney's fee of $8,245.50 (25% of back benefits) and the EAJA award received
18  by plaintiff's attorney in the amount of $6,138.94 (Dkt. 26).  *Parish v. Comm'r. Soc. Sec.*
19  *Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

20  Based on plaintiff's unopposed motion (*see* Dkt. 27), it is hereby ORDERED that
21  attorney's fees in the amount of $2,115.56, minus any applicable processing fee, be awarded to
22  plaintiff's attorney pursuant to 42 U.S.C. § 406(b). This amount should be released to plaintiff's
23
24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1  attorney, Rosemary B. Schurman, at 8123 NE 115 Way, Kirkland, WA 98034 or via automatic
2  deposit.
3      Dated this 24th day of August, 2016.

	J. Richard Creatura
	United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3